UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

                                    16 Cr. 666 (KMK)

       - v. -          :

STAR BERMUDEZ,          :

                            :

             Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# GOVERNMENT'S SENTENCING SUBMISSION

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America.

HAGAN SCOTTEN
CHRISTOPHER J. CLORE
Assistant United States Attorneys
    - Of Counsel -

1

The Government respectfully submits this memorandum concerning the sentencing of defendant Star Bermudez scheduled to take place on March 12, 2018 at 11:00 a.m. For the reasons set forth below, this Court should impose a sentence within the range of 41 to 51 months' imprisonment recommended under the parties' plea agreement.

## I.      Relevant Facts

On October 13, 2016, Star Bermudez and fourteen other members and associates of the "Outta They League" cocaine distribution network ("OTL") were charged in a three-count indictment returned by a grand jury sitting in this District. As is true of all but one other defendant, Bermudez was charged in Counts One and Two of the indictment. Count One charged Bermudez with participating in a conspiracy to distribute five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). Count Two charged Bermudez with conspiracy to commit promotion money laundering by reinvesting the proceeds of prior cocaine distributions into purchasing more cocaine for further distribution, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(h). On November 18, 2017, Bermudez pled guilty, pursuant to a plea agreement, to a lesser included offense of Count One, specifically conspiracy to distribute cocaine, in violation Title 21, United States Code, Sections 846 and 841(b)(1)(C).

OTL was a higher-level cocaine distribution organization based in Poughkeepsie, New York and operating throughout lower New York State. Each month OTL imported several kilograms of cocaine from California. Indeed, while Bermudez may not have been one of the organization's more prolific cocaine distributors, she did play an integral role in maintaining both OTL's continued existence and profitability. As described in the indictment, on at least one

occasion on July 19, 2016, Bermudez attempted to ship a package from California to Poughkeepsie, New York containing approximately two kilograms of cocaine. (Presentence Investigation Report ("PSR") ¶ 29(c).) While this particular package did not make it to New York, the process was typical of how OTL transported cocaine from California to New York. Once the cocaine arrived in New York, was distributed amongst OTL's members, and was distributed, the proceeds of those narcotics sales were then used to purchase additional wholesale amounts of cocaine. Bermudez helped here as well – depositing narcotics proceeds into OTL's accounts for future use to purchase narcotics.

Although no longer a violent street gang during the period covered by the Indictment, OTL nonetheless relied on violence to ensure repayment of debts, deter co-conspirators from providing information to law enforcement, and generally maintain the disciplined operation of a multimillion-dollar business that operated outside the law. (*See* PSR ¶ 28.)

## II.     Procedural History

On November 8, 2017, Bermudez pled guilty, pursuant to a plea agreement, to conspiracy to distribute cocaine, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(C). Among other things, the agreement stipulated to a Guidelines calculation.

As set forth in the plea agreement, both parties agreed that Bermudez's total offense level is 21 and that her Criminal History Category is II. In calculating the total offense level, the parties agreed that, pursuant to U.S.S.G. § 2D1.1(c)(8), the base offense level was 24 because the offense involved at least 500 grams, but less than 2 kilograms of cocaine. Additionally, assuming the defendant clearly demonstrates acceptance of responsibility, the parties agreed that a three-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a) and (b). The parties further

agreed that the defendant has three criminal history points and that her Criminal History Category is II.

**III.    The Applicable Guidelines**

The parties' plea agreement provides that under the Guidelines, the sentencing range applicable to Bermudez is 41 to 51 months' imprisonment, based on the more than 500 grams of cocaine that Bermudez was personally responsible for distributing during the period covered by the Indictment. (*See* PSR ¶ 8.)

**IV.    DISCUSSION**

**A. Applicable Law**

After computing the advisory Guidelines range, courts consider the factors outlined in Title 18, United States Code, Section 3553(a). Among other things, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)    to afford adequate deterrence to criminal conduct;
>
> (C)    to protect the public from further crimes of the defendant; and
>
> (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.    A Sentence of 41 to 51 Months' Imprisonment Would Be Sufficient, but Not Greater than Necessary, to Achieve the Legitimate Purposes of Sentencing.**

Bermudez's conduct fully merits a Guidelines sentence. Like her co-defendants, Bermudez played a key role at the mid-level of a sophisticated – and quite profitable - drug-

trafficking network responsible for shipping wholesale quantities of cocaine across the country for years – cocaine that ultimately flooded the lower Hudson Valley. A Guidelines sentence is thus warranted "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Bermudez and other members of OTL derived significant profits from their drug sales. Indeed, OTL was able to make wholesale purchases of kilograms of cocaine for (very approximately, given fluctuations in the market value of cocaine over the course of this multi-year conspiracy) $25,000 in California, and retail sales of cocaine for (again very approximately) $50 per gram, or $50,000 per kilogram, in New York. That represents a doubling of investment. Indeed, Bermudez saw firsthand just how profitable OTL was since she was often responsible for depositing the organization's narcotics proceeds and occasionally shipped additional amounts of cocaine back to New York for distribution.

A Guidelines sentence is thus also necessary to deter profitable criminal conduct like Bermudez's. *See* 18 U.S.C. § 3553(a)(2)(B). The need for specific deterrence with respect to Bermudez is even clearer, given that he committed the instant conduct despite having been convicted for a prior misdemeanor and having committed the instant offense while on probation in connection therewith.

For similar reasons, a Guidelines sentence is also warranted to protect the public from further crimes by the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Bermudez, like her co-defendants, played a significant role in Poughkeepsie's preeminent drug distribution network for years, supplying the cocaine that fueled gangs' street-level crack dealers and countless addictions in the Hudson Valley. Given the fact that Bermudez herself experienced firsthand the horrors

that drug abuse inflicts on the community (*see* Defendant's Submission, Dkt. 193 ("Def. Sub.") at 3), she can hardly dispute the manifest need to protect the public from someone like her.

In sum, Bermudez was a drug supplier who helped flood her community with cocaine in order to enrich herself. She was a member of a disciplined and dangerous trafficking network who continued her crimes after a prior conviction and while on probation. Thus, this Court should impose a Guidelines sentence to reflect the seriousness of Bermudez's conduct, deter her and those who would follow in her footsteps, and protect the community from her repeat involvement in drug trafficking.

## **Conclusion**

For the foregoing reasons, this Court should impose a Guidelines sentence of 41 to 51 months' imprisonment.

Dated:  White Plains, New York
        March 8, 2018

                             Respectfully submitted,

                             GEOFFREY S. BERMAN
                             United States Attorney
                             Southern District of New York

                             /s/_____
                             Hagan Scotten / Christopher J. Clore
                             Assistant United States Attorneys
                             (212) 637-2410/(212) 637-1063